**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30174 |
| Plaintiff-Appellee, | D.C. No. 6:18-mj-00236-MK-1 |
| v. | |
| TODD MICHAEL GIFFEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding

Submitted March 4, 2021[**]
Portland, Oregon

Before: BOGGS,[***] PAEZ, and WATFORD, Circuit Judges.

Todd Michael Giffen was charged with making threats via interstate

communication and stalking in violation of 18 U.S.C. §§ 875(c) and 2261A. He

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

appeals from the district court's order adopting the magistrate judge's recommendation that Giffen be found incompetent to stand trial. We affirm.

1. In addition to challenging the district court's competency determination, Giffen alleges that (1) the magistrate judge erred in ordering a competency evaluation and delaying the preliminary hearing, and (2) that he received ineffective assistance of counsel at his initial appearance. We lack jurisdiction to consider these claims as only the competency determination is a collateral order subject to interlocutory review. *United States v. Friedman*, 366 F.3d 975, 978–79 (9th Cir. 2004).

2. We review the district court's determination that Giffen was incompetent to stand trial for clear error. *Id.* at 980. A defendant is incompetent if the court finds, by a preponderance of the evidence, that "he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Dr. Cynthia Low, a forensic psychologist at the Bureau of Prisons, interviewed Giffen and conducted a review of his records. She diagnosed him with schizophrenia and concluded that he maintains a "bizarre delusionary system" in which he is the victim of government mind control and torture. She also testified that Giffen believes his victimization would provide a complete defense to the charges against him and that judges, prosecutors, and attorneys can engage in three-way mental communication with one another.

Giffen's own testimony at the competency hearing merely corroborated the forensic psychologist's conclusions.  The court acted well within its discretion in crediting Dr. Low's testimony over the contrary opinion of Giffen's one-time therapist, Dr. Seth Farber.

**AFFIRMED.**